IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CR-90-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MICHAEL SHAWN BROWN, | ) |
| Defendant. | ) |

This matter is before the court on the following motions filed by Defendant Michael Shawn Brown ("Defendant"): (1) Motion for Discovery [DE-22]; (2) Motion for Sequestration and Segregation of State's Witnesses During Trial [DE-24]; (3) Motion for Discovery 404(b) Notice [DE-25]; and (4) Motion for a Bill of Particulars [DE-26]. The government has responded to Defendant's motion [DE-35] and accordingly, this matter is ripe for adjudication.

## I. STATEMENT OF THE CASE

On 3 August 2011, a Grand Jury sitting in the Eastern District of North Carolina returned an indictment [DE-1] charging Defendant with 20 counts of wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 & 2 and two counts of aggravated identify theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A & 2, one count of arson in violation of 18 U.S.C. § 844(i), one count of arson to commit a felony in violation of 18 U.S.C. § 844(h), and one count of material false statements in violation of 18 U.S.C. § 1001. These counts stem from Defendant's enrollment as a Medicaid provider under the North Carolina Medicaid Program. As a Medicaid provider, Defendant, a business owner of a counseling center, agreed to provide counseling services to low-income families. In seeking reimbursement from Medicaid for such services, however,

Defendant allegedly submitted claim forms for services never rendered. This case is set for arraignment and trial at the court's 17 January 2012 criminal term of court. [DE-21].

## II. Motion for Discovery [DE-22] & Motion for Discovery 404(b) Notice [DE-25]

Defendant has moved the court for an order compelling the government to provide discovery pursuant to Rule 16 and Rule 404(b) of the Federal Rules of Criminal Procedure.

Defendant's discovery motions fail to comply with Local Rule 16.1 as Defendant's counsel fails to (1) state that a request for discovery and inspection was made and denied or (2) certify that there has been a good faith effort to resolve discovery disputes prior to filing of any discovery motions. Furthermore, Defendant's discovery motions fail to comply with Local Rule 12.2, which specifically requires a defendant to preface any discovery motion with a statement that his attorney has had a discovery conference with the government's attorney and has been refused discovery of a specific item for a particular reason. This rule enables the court to distinguish genuine discovery disputes from exhaustively imprecise efforts by counsel to discover every aspect of the Government's evidence and trial strategy and to concentrate its efforts on resolving those genuine disputes.

Moreover, the Government states that it has provided ample discovery, hand-delivering its first set of Rule 16 discovery disclosures to Defendant's counsel on 29 August 2011, followed by additional discovery disclosures on 13 September 2011 and 26 October 2011. Gov't Resp. Def.'s Pretrial Mots. ("Gov't Resp.") at 2-3 [DE-35]. In particular, the Government's discovery has included over four thousand "Bates-stamped" pages of discovery and forty-six CD-ROM disks of discovery, with a brief description of the contents of each disk. *Id.* Defendant has provided no specific information indicating that the Government has failed to meet its requirements under Rule 16 and in fact, acknowledges that "[t]he Government, with consent of Defense Attorney, has

submitted a substantial amount of discovery through the U.S. Mail . . . ." [DE-22 ¶ 24]. Rather, Defendant states only "out of an abundance of caution, and in the belief that there is still discoverable information, this motion is made." *Id.*

Furthermore, the Government indicates that it has "invited [Defendant's] counsel [] to schedule an appointment to view any additional evidence upon request in the presence of a law enforcement officer." Gov't Resp. at 3. The Government indicates also that any prior statements falling under the Jencks Act, 18 U.S.C. § 3500, will be disclosed to Defendant "on the Friday before trial." *Id.* at 5. Finally, the Goverment states that it will make grand jury testimony available to Defendant's counsel. *Id.*

Under Rule 404(b) of the Federal Rules of Evidence, evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. Rule 404(b) evidence may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." FED. R. EVID. 404(b). Upon request by the defendant, the government must "provide reasonable notice in advance of trial . . . of the general nature of any [Rule 404(b)] evidence it intends to introduce at trial." *United States v. Swain*, 4:07-CR-62-D, 2008 U.S. Dist. LEXIS 21058, *2, 2008 WL 717720, at *1 (E.D.N.C. March 17, 2008) The rule does not, however, entitle the defendant to discovery of the 404(b) evidence itself. *See United States v. Graham*, 468 F. Supp. 2d 800, 802 (E.D.N.C. 2006) (explaining Rule 404(b) does not require the government to identify "the tangible evidence upon which [it] may rely to introduce the Rule 404(b) evidence"). The Government has filed a notice of its intent to offer evidence pursuant to Rule 404(b) [DE-34], which provides the general nature of the Rule 404(b) it intends to introduce at trial.

Accordingly, Defendant's motions for discovery pursuant to Rule 16 are DENIED and Defendant's motion for disclosure of Rule 404(b) evidence is DENIED AS MOOT.

### III. MOTION FOR SEQUESTRATION [DE-24]

Defendant seeks an order, pursuant to Rule 615 of the Federal Rules of Evidence, to exclude all government witnesses from the courtroom during the examination of another government witness and to prevent prospective witnesses from discussing with any other witness any aspect of the case. The Government does not oppose the motion, except as it applies to the Government's investigative agents, and requests that the sequestration order apply also to defense witnesses. Gov't Resp. at 6. The Government requests further that the sequestration order expressly provide that Defendant "shall not be permitted to rely upon the argument that he does not know who he will call as a witness until after the close of the Government's case as a basis to call an individual to testify who was present in the courtroom during trial." *Id.*

Rule 615 provides that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." FED. R. EVID. 615. Under this rule, sequestration of witnesses is mandatory if requested. *United States v. Farnham*, 791 F.2d 331, 335 (4th Cir. 1986). Each witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial. *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000) ("Sequestration requires that witnesses not discuss the case among themselves or anyone else, other than the counsel for the parties.") (citation omitted). Excepted from Rule 615 are (1) parties themselves, (2) designated representatives of corporations and (3) a person whose presence is shown by a party to be essential to the presentation of the case, or those authorized by statute to be present. FED. R. EVID. 615(1-3). A government investigative agent falls within the Rule 615(2) exception,

even if the agent is expected to testify; however, only one agent may be exempted from sequestration under this exception. *Farnham*, 791 F.2d at 334 (citing *United States v. Parodi*, 703 F.2d 768, 773 (4th Cir. 1983)); *see also United States v. Lovin*, No. 7:06-CR-45-BO-3, 2007 U.S. Dist. LEXIS 4914, at *5, 2007 WL 167454, at *2 (E.D.N.C. Jan. 17, 2007) (denying the government's request to exempt from sequestration agents from three different government agencies who jointly conducted the investigation).

The Government submits that State Bureau of Investigation Medicaid Investigations Unit Agent John Perkinson and Alcohol, Tobacco and Firearms Agent Jeffery Key jointly conducted the investigation in the matter and that neither was involved in every aspect of the case. Gov't Resp. at 6-7. That is, the Government implies that the second agent is essential to the presentation of the case and thereby seeks permission allowing the presence of that agent under exception Rule 615(3). *See United States v. Phibbs*, 999 F.2d 1053, 1073 (6th Cir. 1993) (explaining "[t]he "essential" witness exception set out in Rule 615(3) 'contemplates such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation.'") (citing Advisory Committee Notes to FED. R. EVID. 615); *accord United States v. Cooper*, 283 F. Supp. 2d 1215, 1226 (D. Kan. 2003).

In *Phibbs*, the court held that the lower court did not abuse its discretion in allowing two agents representing separate agencies, both of whom appeared as witnesses, to remain in the courtroom throughout the trial based on the expected length of trial, number of defendants and large amount of evidence, some of which was not readily accessible. 999 F.2d at 1073. In the present case, however, the circumstances weigh against exempting a second case agent under the third exemption of the sequestration rule. Here, although the government advises that a Agent Perkinson

5

was responsible for distinct aspects of this case, apart from Agent Key, this case does not involve a multitude of defendants. Furthermore, unlike *Phibbs*, the government has not advised of an expected lengthy trial or extensive and inaccessible evidence. *See Phibbs*, 999 F.2d at 1073; *see also Cooper*, 283 F. Supp. 2d at 1226 (explaining the party seeking exemption has the burden of showing that exemption applies) (citation omitted). To satisfy the exception under Rule 615(3), a party must show that the "witness's presence is 'essential' rather than simply desirable." *Kozlowski v. Hampton Sch. Bd.*, 77 Fed. Appx. 133, 153 (4th Cir. 2003) (quoting *United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995)). While the argument raised by the Government shows that both investigative agents would be helpful, the circumstances do not rise to the level of making the second agent's presence throughout the course of the trial essential. Accordingly, there may be only one case agent exempted under Rule 615 who may remain in the courtroom for the duration of Defendant's trial.

Finally, as for the Government's clarification request concerning any attempt by Defendant to avoid the effects of this sequestration order by failing to identify a witness (who was present during the trial) until after the closing of the Government's case-in-chief, the court is mindful that "the sequestration rule serves two primary purposes: to prevent a witness from tailoring his testimony in light of the testimony of other witnesses, and to permit the discovery of false testimony and other problems relating to credibility." *Minebea Co. v. Papst*, 374 F. Supp. 2d 231, 233 (D.D.C. 2005) (citation omitted). "Courts have broad discretion to achieve these goals and 'may make whatever provisions [they] deem necessary to manage trials in the interests of justice . . . .'" *Id.* (citing *United States v. Sepulveda*, 15 F.3d 1161, 1175-77 (1st Cir. 1993)). Accordingly, this order prevents Defendant from calling as a witness any individual present for the Government's case-in-chief. *Cf. United States v. Turner*, 203 F.3d 1010, 1018 (7th Cir. 2000) (finding no plain error on part of

district court for allowing the admission of the testimony of government witnesses whose testimony occurred subsequent to their hearing the testimony of other witnesses because the "district court sequestration order . . . only addressed procedures to deal with in-custody witnesses").

Accordingly, Defendant's motion to sequester is ALLOWED and the court orders that all defense and government witnesses, except those exempt by the rule, shall be excluded from the courtroom during the trial or other pretrial hearings where testimony is received. Additionally, each witness shall be prohibited from revealing previous trial testimony to any witness who has not yet testified. *Rhynes*, 218 F.3d at 317. Finally, the Government's request that this sequestration order prevent Defendant from identifying as a witness any individual (other than Defendant) who is present in the courtroom during the Government's case-in-chief is ALLOWED.

### IV. MOTION FOR A BILL OF PARTICULARS [DE-26]

Defendant moves for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, seeking disclosure of the (1) "identity of each person(s) the Government contends was fraudulently billed for as a patient" and (2) "date of each visit the Government contends was fraudulently billed and the amount of each time unit the Government contends was fraudulently submitted."

Rule 7(f), Fed. R. Crim. P., allows a criminal defendant to move for a bill of particulars, a means by which a defendant can acquire information regarding the charges brought against him "in a vague or broadly worded indictment." *United States v. Dunnigan*, 944 F.2d 178, 181 (4th Cir. 1991) (citation omitted). The purpose of a bill of particulars is to apprise the defendant of the charges against him with sufficient precision so that he can prepare a defense, avoid unfair surprise at trial and plead double jeopardy in case of future prosecution for the same offense. *United States*

v. *Am. Waste Fibers Co.*, 809 F.2d 1044, 1046 (4th Cir. 1987); *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). However, the accused does not have an unconditional right to such a bill. *United States v. Dulin*, 410 F.2d 363 (4th Cir. 1969). A motion for a bill of particulars is not to be used as a discovery device or as a way to obtain detailed disclosure of the government's evidence prior to trial. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). A bill of particulars is unnecessary where the indictment complies with the Fifth and Sixth Amendments by alleging the essential elements of the crime with which the defendant is charged in a manner that permits a defense and plead double jeopardy in any future prosecutions. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *Butler*, 885 F.2d at 198. The same result is reached if the government has provided the information called for in some other satisfactory form. *United States v. Amend*, 791 F.2d 1120, 1125 (4th Cir. 1986) (a bill of particulars is not required where the government maintains an "open file" policy or the defendant has "obtained all necessary information from the government's files").

A bill of particulars is inappropriate here. The indictment tracks the statutes of the crimes for which Defendant has been charged and alleges all elements and sufficient facts to put Defendant on notice and allow him to prepare a defense and avoid unfair surprise. Indeed, prior to identifying the specifics concerning the counts with which Defendant has been charged, the Government provided an eight page factual introduction explaining in detail the precise nature of the alleged criminal conduct. The indictment provides further a two-page summary detailing the manner and means of the scheme to defraud followed by a list of the precise dates and times of the alleged false wire transmissions originating in North Carolina and received in Florida in furtherance of the scheme. Furthermore, as Defendant has acknowledged, the Government "has submitted a substantial

amount of discovery," see [DE-22 ¶ 24], including "thousands of pages of discovery" and forty-six CD-ROM disks of discovery. Gov't Resp. at 2-3, 8. The Government states the discovery submitted to Defendant "includes narrative reports associated with interviews of the defendant's alleged patients who are the subject of this case, and the nature of the services they allegedly received (if any) from the defendant." Id. at 8. Furthermore, in addition to providing Defendant with this voluminous amount of discovery, the Government has made relevant investigative files available for review by Defendant's counsel. See United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979) (noting "[f]ull discovery [] obviates the need for a bill of particulars") (citation omitted).

The information contained in the indictment and the discovery provided by the Government inform Defendant of the nature of the charges against him and allow for effective trial preparation. Accordingly, Defendant's motion for a bill of particulars is DENIED.

## V. CONCLUSION

For the reasons set forth above, the court orders that:

1. Defendant's Motion for Discovery [DE-22] is **DENIED**.

2. Defendant's Motion for Sequestration and Segregation of State's Witnesses During Trial [DE-24] is **ALLOWED**. This sequestration order applies to the government and to the defense. Furthermore, Defendant shall not call as a witness (other than Defendant) any individual who is present in the courtroom during the Government's case-in-chief.

3. Defendant's Motion for Discovery 404(b) Notice [DE-25] is **DENIED AS MOOT**.

4. Defendant's Motion for a Bill of Particulars [DE-26] is **DENIED**.

This, the 5th day of December, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge